JUDGE ANDERSEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE COLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) No. **07CR    750** |
| | ) Hon. |
| v. | ) |
| | ) Violations: Title 18, United States |
| JOSEPH LEVATO and | ) Code, Sections 371, 1341, 1346 and 2; |
| BENJAMIN MUOGHALU | ) Title 42, United States Code, Sections |
| | ) 1320a-7b(b)(1)(B) and 1320a- |
| | ) 7b(b)(2)(B) |
| | ) |
| | ) **Indictment** |
| | ) |

**COUNT ONE**

FILED

NOV 1 4 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

The SPECIAL MARCH 2007 GRAND JURY charges:

1.     At times material to this indictment:

a.     Medicare was a Federal health care program pursuant to Title 18 of the Social Security Act, which provided free or below-cost health care benefits, including reimbursing Hospital A for its prescriptions of the drug Lovenox.

b.     Defendant JOSEPH LEVATO was a District Manager at the Regional Office of Company A, a large pharmaceutical company which manufactured and marketed the drug Lovenox, a "blood thinner" intended to prevent blood clots from forming in the blood.  Company A's Regional Office was located in Westchester, Illinois.

c.     Defendant BENJAMIN MUOGHALU was the chairperson of the Pharmacy and Therapeutics Committee at Hospital A, and worked at Hospital A's branch facility in Joliet, Illinois.  The Pharmacy and Therapeutics Committee, among other things, recommended which drugs Hospital A should purchase for medical treatment of hospital patients.  In his position as

chairperson of the Pharmacy and Therapeutics Committee and as a hospital employee, defendant MUOGHALU owed a duty of honest services to Hospital A.

      d.    Defendant MUOGHALU was periodically required by Hospital A to sign a conflict of interest questionnaire in which he was to disclose any interests or arrangements that might present a conflict of interest with his position at the hospital.

      2.    Beginning on or about October 13, 2001, and continuing through on or about January 2003, at Joliet, Illinois and Westchester, Illinois, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH LEVATO and<br>
BENJAMIN MUOGHALU,

defendants herein, together with others known and unknown to the Grand Jury, did knowingly conspire:

      a.    to knowingly and willfully solicit and receive kickbacks, directly and indirectly, overtly and covertly, in cash and in kind, from defendant LEVATO at Company A to defendant MUOGHALU at Hospital A, in return for defendant MUOGHALU purchasing and arranging for and recommending purchasing, an item, namely Lovenox, for which payment may be made in whole and in part under Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B); and,

      b.    to knowingly and willfully offer and pay kickbacks, directly and indirectly, overtly and covertly, from defendant LEVATO at Company A to defendant MUOGHALU at Hospital A, to purchase and arrange for and recommend purchasing, an item, namely Lovenox, for

2

which payment may be made in whole and in part under Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B).

## Manner and Means in Which the Conspiracy Was Conducted

3.      It was part of the conspiracy that defendants JOSEPH LEVATO and BENJAMIN MUOGHALU agreed that Company A would pay kickbacks in the form of checks from Company A to defendant MUOGHALU for the personal benefit of MUOGHALU in return for MUOGHALU recommending the purchase and arranging for the purchase of the drug Lovenox from Company A by Hospital A.

4.      It was further part of the conspiracy that defendants JOSEPH LEVATO and BENJAMIN MUOGHALU agreed to conceal and disguise the kickbacks as reimbursement or payment for "speaking events" by defendant MUOGHALU at various hospitals, knowing the kickbacks were unrelated to any speaking events by defendant MUOGHALU.

5.      It was further part of the conspiracy that in order to conceal the kickbacks, defendant BENJAMIN MUOGHALU entered into a Speaker Agreement that stated that Company A would pay defendant MUOGHALU $2,000 for any event at which he spoke that lasted less than four hours, knowing that any payments to defendant MUOGHALU were, in fact, kickbacks for MUOGHALU's agreement to purchase or recommend the purchase of Lovenox by Hospital A and were not for any speaking engagements.

6.      It was further part of the conspiracy that defendant JOSEPH LEVATO arranged to have kickback payments delivered to defendant MUOGHALU by directing employees of Company A to deliver $2,000 checks to MUOGHALU at Hospital A when these employees were engaged in business activities at Hospital A.

3

7.    It was further part of the conspiracy that upon receipt of the $2,000 kickback checks, defendant MUOGHALU deposited the checks into his bank accounts and used the proceeds for personal expenses.

8.    It was further part of the conspiracy that defendant MUOGHALU knowingly failed to disclose the $2,000 kickbacks on Hospital A's Conflict of Interest Questionnaires.

9.    It was further part of the conspiracy that in order to conceal the kickback scheme, defendant LEVATO caused Company A to issue and mail to defendant MUOGHALU an IRS Form 1099 for each of the tax years 2001 and 2002 in order to disguise the kickbacks as legitimate compensation to defendant MUOGHALU for speaking engagements.

10.   It was further part of the conspiracy that defendant JOSEPH LEVATO offered and paid a total of approximately $32,000 in kickbacks to defendant BENJAMIN MUOGHALU in return for defendant MUOGHALU's agreement to purchase or recommend the purchase by Hospital A of the drug Lovenox from Company A.

### OVERT ACTS

11.   In furtherance of and to effect the objects of this conspiracy, the defendants committed the following overt acts, among others, in the Northern District of Illinois:

a.    Defendant JOSEPH LEVATO offered and paid defendant BENJAMIN MUOGHALU the following checks written from Company A to defendant MUOGHALU, which checks defendant MUOGHALU deposited into his personal bank accounts for his own personal use:

| Check number | Check Date | Check Amount | Date Check Deposited by MUOGHALU |
|---|---|---|---|
| 7260552 | 10/31/01 | $2000 | 12/6/01 |
| 7260553 | 10/31/01 | $2000 | 11/30/01 |

4

| 7260554 | 10/31/01 | $2000 | 11/30/01 |
|---------|----------|-------|----------|
| 7260555 | 10/31/01 | $2000 | 12/6/01 |
| 7260556 | 10/31/01 | $2000 | 12/6/01 |
| 7260557 | 10/31/01 | $2000 | 12/6/01 |
| 7260558 | 10/31/01 | $2000 | 12/6/01 |
| 7260559 | 10/31/01 | $2000 | 11/30/01 |
| 7260560 | 10/31/01 | $2000 | 11/30/01 |
| 7334808 | 6/28/02 | $2000 | 8/8/02 |
| 7334809 | 6/28/02 | $2000 | 8/8/02 |
| 7334810 | 6/28/02 | $2000 | 8/12/02 |
| 9009995 | 8/8/02 | $2000 | 9/4/02 |
| 9017127 | 9/3/02 | $2000 | 9/16/02 |
| 9024586 | 9/25/02 | $2000 | 10/22/02 |
| 9033121 | 10/21/02 | $2000 | 11/29/02 |
| total | | $32,000 | |

      b.    Defendant JOSEPH LEVATO submitted or caused to be submitted the following requests for reimbursement from Company A for speaking events purportedly by defendant MUOGHALU but which never occurred:

| Event Description | Event Date and Time | Location |
|-------------------|---------------------|----------|
| Prophylaxis of Ischemic Complications of Unstable Angina Event No. 1232 | 10/22/01 at 8:00am | St. Joe's Elgin, Illinois |
| Prophylaxis of Ischemic Complications of Unstable Angina Event No. 1249 | 10/22/01 at 12:00pm | Provena Mercy Center Aurora, Illinois |

| | | |
|---|---|---|
| Prophylaxis of Ischemic Complications of Unstable Angina Event No. 1522 | 10/23/01 at 8:00am | St. Theresa Waukegan, Illinois |
| Prophylaxis of Ischemic Complications of Unstable Angina Event No. 1523 | 10/23/01 at 12:00pm | St. Mary Kankakee, Illinois |
| Prophylaxis of Ischemic Complications of Unstable Angina Event No. 1524 | 10/25/01 at 11:00am | Covenant Urbana, Illinois |
| Prophylaxis of Ischemic Complications of Unstable Angina Event No. 1525 | 10/25/01 at 3:00pm | United Samaritan Danville, Illinois |
| Prophylaxis of Ischemic Complications of Unstable Angina Event No. 1526 | 10/26/01 at 8:00 am | Silver Cross Joliet, Illinois |
| Managed Care Issues - Lovenox Event No. 34311 | 6/30/02 at 8:00am | St. Mary's Hospital Streater, Illinois |
| Managed Care Issues - Lovenox Event No. 34317 | 7/10/02 at 12:00pm | Valley West Community Hospital Sandwich, Illinois |
| Managed Care Issues - Lovenox Event No. 34320 | 8/10/02 at 12:00pm | Silver Cross Hospital Joliet, Illinois |
| Prophylaxis of DVT Event No. 37383 | 9/2/02 at 7:00am | South Sub Hospital Hazelcrest, Illinois |
| Prophylaxis of DVT Even No. 37519 | 10/16/02 at 7:30am | Rush Copley Hospital Aurora, Illinois |
| Prophylaxis of DVT Event No. 37522 | 11/7/02 at 8:00am | Edward Hospital Naperville, Illinois |
| Prophylaxis of DVT Event No. 37523 | 12/2/02 at 7:30am | Oak Forest Hospital Oak Forest, Illinois |

      c.      In or about late January of 2002, defendant LEVATO caused Company A to issue and mail an IRS Form 1099 to defendant MUOGHALU in an effort to disguise the kickbacks paid to MUOGHALU in 2001 as legitimate compensation for speaking engagements.

      d.      In or about late January of 2003, defendant LEVATO caused Company A to issue and mail an IRS Form 1099 to defendant MUOGHALU in an effort to disguise the kickbacks paid to MUOGHALU in 2002 as legitimate compensation for speaking engagements;

In violation of Title 18, United States Code, §§ 371 and 2.

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     Paragraph 1 of Count One of this indictment is realleged and incorporated as though fully set forth herein.

2.     On or about November 29, 2002, at Westchester, in the Northern District of Illinois, Eastern Division,

### JOSEPH LEVATO,

defendant herein, knowingly and willfully caused Company A to offer and pay $2,000 to defendant MUOGHALU, in the form of Company A check no. 9033121, deposited by defendant BENJAMIN MUOGHALU into Chase bank account no. 1110013322043 on November 29, 2002, as a payment to defendant MUOGHALU to induce him to purchase and arrange to purchase an item, namely Lovenox, for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B) and Title 18, United States Code, Section 2.

## COUNT THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    Paragraph 1 of Count One of this indictment is realleged and incorporated as though fully set forth herein.

2.    On or about November 29, 2002, at Joliet, in the Northern District of Illinois, Eastern Division,

BENJAMIN MUOGHALU,

defendant herein, knowingly and willfully solicited and received $2,000 from defendant LEVATO, in the form of Company A check no. 9033121, deposited by defendant BENJAMIN MUOGHALU into Chase bank account no. 1110013322043 on November 29, 2002, as a payment to defendant MUOGHALU to induce him to purchase and arrange to purchase an item, namely Lovenox, for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    Paragraph 1 of Count One of this indictment is realleged and incorporated as though fully set forth herein.

2.    Beginning in or about October 13, 2001, and continuing thereafter to in or about late January of 2003, at Westchester, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH LEVATO and
BENJAMIN MUOGHALU,

defendants herein, knowingly devised and attempted to devise a scheme to defraud and to deprive Hospital A of the intangible right to defendant MUOGHALU's honest services, and to obtain money and property by materially false and fraudulent pretenses and representations.

3.    It was part of the scheme that defendants JOSEPH LEVATO and BENJAMIN MUOGHALU agreed that Company A would pay kickbacks in the form of checks from Company A to defendant MUOGHALU for the personal benefit of MUOGHALU in return for MUOGHALU recommending the purchase and arranging for the purchase of the drug Lovenox from Company A by Hospital A.

4.    It was further part of the scheme that defendants JOSEPH LEVATO and BENJAMIN MUOGHALU agreed to conceal and disguise the kickbacks as reimbursement or payment for "speaking events" by defendant MUOGHALU at various hospitals, knowing the kickbacks were unrelated to any speaking events by defendant MUOGHALU.

5.    It was further part of the scheme that in order to conceal the kickbacks, defendant BENJAMIN MUOGHALU entered into a Speaker Agreement that stated that Company A would

10

pay defendant MUOGHALU $2,000 for any event at which he spoke that lasted less than four hours, knowing that any payments to defendant MUOGHALU were, in fact, kickbacks for MUOGHALU's agreement to purchase or recommend the purchase of Lovenox by Hospital A and were not for any speaking engagements.

6.    It was further part of the scheme that defendant JOSEPH LEVATO arranged to have kickback payments delivered to defendant MUOGHALU by directing employees of Company A to deliver $2,000 checks to MUOGHALU at Hospital A when these employees were engaged in business activities at Hospital A.

7.    It was further part of the scheme that upon receipt of the $2,000 kickback checks, defendant MUOGHALU deposited the checks into his bank accounts and used the proceeds for personal expenses.

8.    It was further part of the scheme that defendant MUOGHALU knowingly failed to disclose the $2,000 kickbacks on Hospital A's Conflict of Interest Questionnaires.

9.    It was further part of the scheme that in order to conceal the kickback scheme, defendant LEVATO caused Company A to issue and mail to defendant MUOGHALU an IRS Form 1099 for each of the tax years 2001 and 2002 in order to disguise the kickbacks as legitimate compensation to defendant MUOGHALU for speaking arrangements.

10.    It was further part of the scheme that defendant JOSEPH LEVATO offered and paid a total of approximately $32,000 in kickbacks to defendant BENJAMIN MUOGHALU in return for defendant MUOGHALU's agreement to purchase or recommend the purchase by Hospital A of the drug Lovenox from Company A.

11

11.    It was further part of the scheme that defendants JOSEPH LEVATO and BENJAMIN MUOGHALU misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and acts done in furtherance of the scheme.

12.    In or about late January 2003, at Naperville, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH LEVATO and
BENJAMIN MUOGHALU,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be sent and delivered by the United States Mail, from New Jersey to Naperville, Illinois, according to the directions thereon, a mailing addressed to BEN MUOGHALU, MD, 1724 Baybrook Ln, Naperville, IL, 60564, and containing an IRS Form 1099 for the tax year 2002;

In violation of Title 18, United States Code, Sections 1341, 1346 and 2.

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY

12